IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEE KAISER,

                Plaintiff,

v.

WISCONSIN ENERGY CONSERVATION
CORPORATION, UNITED OF OMAHA
LIFE INSURANCE COMPANY, d/b/a
MUTUAL OF OMAHA and GROUP
LONG-TERM DISABILITY POLICY
GLTD-AMMA,

                Defendants.

OPINION AND ORDER

14-cv-762-wmc

---

      Plaintiff Dee Kaiser filed this lawsuit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), alleging that she was denied disability benefits under an employee-sponsored long-term disability insurance policy. (Compl. (dkt. #1).) There are three matters now ripe for decision. Two are straightforward. The first arises out of plaintiff Dee Kaiser passing away on December 3, 2014. (Dkt. #8.) Plaintiff's surviving spouse Robert Kaiser seeks substitution as plaintiff. (Dkt. #9.) The court will grant his motion as unopposed. The second matter concerns the parties' joint stipulation of dismissal of defendant Wisconsin Energy Conservation Corporation ("WECC"), Dee Kaiser's former employee. (Dkt. #22.) The court will also approve that stipulation, which in turn moots part of defendants' motion to dismiss.

      With those initial matters aside, the focus of this opinion is on the third matter -- defendants' motion to dismiss plaintiff's breach of fiduciary claim brought pursuant to 29 U.S.C. § 1132(a)(3). For the reasons that follow, the court will grant that motion as well.

BACKGROUND

Dee Kaiser was employed by WECC from April 1, 2013, to July 25, 2013. (Compl. (dkt. #1) ¶¶ 9, 30, 78.) Effective the first day of her employment, Kaiser was provided with long-term disability ("LTD") insurance under defendant Long-Term Disability Policy GLTD-AMMA, which is an ERISA plan. (*Id.* at ¶ 8.) That Plan contains an exclusion clause for "Pre-Existing Conditions," which it defines as:

> [a]ny Injury or Sickness for which You received medical treatment, advice or consultation, care or services, including diagnostic measures, or had drugs or medicines prescribed or taken in the 3 months prior to the day You became insured during the Policy.

(*Id.* at ¶ 26.) The Plan further states that

> [w]e will not provide benefits for any Disability caused by, attributable to, or resulting from a Pre-Existing Condition which begins in the first 12 months after You are continuously insured under the Policy.

(*Id.*)

For Kaiser, her three-month "look-back period" was from January 1, 2013, through April 1, 2013. (*Id.* at ¶ 27.) In February of 2013, Kaiser began experiencing left shoulder pain after shoveling snow and scraping ice. (*Id.* at ¶ 29.) On March 12, 2013, Kaiser saw her primary care doctor for her shoulder pain, who diagnosed "left shoulder pain secondary to rotator cuff and bicipital tendinitis, likely triggered by the repetitious activity." (*Id.* at ¶¶ 31-32.) On March 27, 2013, Kaiser called her primary care physician's office to report that the symptoms had not improved. As a result, the doctor ordered physical therapy and refilled her pain medication prescription. (*Id.* at ¶ 35.)

Kaiser began physical therapy on March 29, 2013. (*Id.* at ¶ 35.) Kaiser continued treatment for her shoulder pain in April and early May. (*Id.* at ¶¶ 37-46.) On May 7, 2013,

Kaiser had an MRI of her shoulder, which for the first-time revealed a "permeative destructive mass involving the glenoid extending into the coracoid process and scapular body, with a pathologic fracture of the glenoid." (*Id.* at ¶ 47.) After subsequent tests, Kaiser was diagnosed with Stage IV adenocarcinoma of the lung, which had metastasized to her bones and liver. (*Id.* at ¶¶ 52, 58.)

Plaintiff alleges two causes of action: (1) recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); and (2) breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3). Plaintiff Robert Kaiser seeks the following relief:

> A. Judgment against Defendants awarding Plaintiff damages for losses of benefits pursuant to the Plan and ERISA;
>
> B. Judgment against Defendants awarding Plaintiff . . . costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees pursuant to ERISA § 502(g)(1) . . . ;
>
> C. Injunctive relief enjoining Defendants from engaging in backward-looking reinterpretation of Plaintiff's medical evidence;
>
> D. Injunctive relief enjoining Defendants from denying Plaintiff's disability benefits pursuant to the Plan's pre-existing condition clause; and
>
> E. Such other relief as the Court deems just and equitable.

(Compl. (dkt. #1) pp.16-17.)

OPINION

"Under relevant, applicable Seventh Circuit law," defendants seek to dismiss the second cause of action on the grounds that "ERISA Section (a)(3) claims cannot be brought when adequate relief is available under Section (a)(1)(B)." (Defs.' Opening Br. (dkt. #12) 6

(citing *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781 (7th Cir. 2009)).) While defendants are correct on the law, their motion for its application is odd.

Typically, demands for monetary relief do not fall within the "appropriate equitable relief" frame of § 1132(a)(3), but rather fall within a claim for recovery of benefits under § 1132(a)(1)(B). *Mondry*, 557 F.3d at 804-05. Here, plaintiff contemplates damages for lost benefits, though it appears from the opposition brief that plaintiff appreciates the only relief this court can grant is a remand for further review. (*See* Pl.'s Opp'n (dkt. #13) 8 (seeking order from the court requiring defendants to review her claim on the merits without wrongful application of the pre-existing conduction clause).) *See also Holmstrom v. Metro. Life Ins. Co.*, 615 F.3d 758, 778 (7th Cir. 2010) ("When an ERISA plan administrator's benefits decision has been arbitrary, the most common remedy is a remand for a fresh administrative decision rather than an outright award of benefits.").[1]

In arguing that a claim under § 1132(a)(3) is nevertheless necessary, plaintiff contends that merely remanding for a claim brought pursuant to § 1132(a)(1)(B) would not "prohibit Defendants from repeating history by engaging in backward-looking reinterpretation of medical records to hide behind the pre-existing condition clause." (Pl.'s Opp'n (dkt. #13) 9.) But the court does not share this view. If the court agrees with plaintiff that defendants acted arbitrarily in applying the pre-existing condition clause, then on remand, defendants will necessarily not be allowed to rely on that provision. In other words, § 1132(a)(1)(B) provides "adequate relief" -- indeed, all of the relief that plaintiff is seeking. As such, there is no need for further equitable relief under § 1132(a)(3). *Mondry*,

---

[1] The exception to remand is reinstatement of benefits, but reinstatement only occurs if defendant terminated benefits, rather than denied them, as is the case here. *Holmstrom*, 615 F.3d at 778.

557 F.3d at 805 ("[W]e should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"). Accordingly, the court will grant defendants' motion and dismiss plaintiff's claim under 29 U.S.C. § 1132(a)(3).

ORDER

Accordingly,

IT IS ORDERED that:

1) Plaintiff's motion to substitute party (dkt. #9) is GRANTED. Robert Kaiser is substituted as the plaintiff, and the clerk's office is directed to amend the caption to reflect this change.

2) The parties' stipulation of dismissal of defendant Wisconsin Energy Conservation Corporation (dkt. #22) is ACCEPTED. All claims against defendant Wisconsin Energy Conservation Corporation are dismissed with prejudice.

3) Defendants United of Omaha Life Insurance Company d/b/a Mutual of Omaha and Group Long-Term Disability Policy of GLTD-AMMA's motion to dismiss (dkt. #22) is GRANTED. Plaintiff's second cause of action, a claim under 29 U.S.C. § 1132(a)(3), is dismissed.

Entered this 26th day of May, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge