IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT KAISER,

                          Plaintiff,                              OPINION AND ORDER

    v.

                                                                 14-cv-762-wmc

UNITED OF OMAHA LIFE INSURANCE
COMPANY, d/b/a MUTUAL OF OMAHA
and GROUP LONG-TERM DISABILITY
POLICY GLTD-AMMA,

                          Defendants.

In this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), plaintiff Robert Kaiser sought long-term benefits for his deceased wife Dee Kaiser's disability due to Stage IV lung cancer. The court previously granted plaintiff's motion for summary judgment, remanding this case for further administrative proceedings to consider his claim. (Dkt. #63.) In that same opinion, the court found that plaintiff was entitled to an award of attorney's fees and costs under 29 U.S.C. § 1132(g)(1), and invited briefing on the appropriate amount of that award. (*Id.* at 18-21.) Having reviewed the parties' submissions, the court will award plaintiff the full amount of the requested attorneys' fees and costs, totaling $82,140.84.[1]

---

[1] After briefing was completed, plaintiff also filed a motion for leave to file a supplemental brief in support of the fee petition and the proposed brief. (Dkt. ##76, 76-1.) That brief purports to address defendants' recent denial of plaintiff's request for benefits, seemingly on the same grounds as those rejected by this court, but an email exchange between counsel indicates that the denial was sent in error and should be disregarded. (Schmidt Decl., Exs. A, B (dkt. #78-1, 78-2.) In the brief, plaintiff also seeks an award of prejudgment interest but it is not at all clear on what basis. Accordingly, while the court will grant plaintiff leave to file the supplemental brief, it does not alter the outcome of this decision.

BACKGROUND

In a brief in support of an award of attorneys' fees and costs, as well as in supplemental, supporting materials, plaintiff's counsel details the hours worked on this case and the hourly rates. In addition to filing the complaint, counsel also opposed defendants' motion to dismiss, filed a motion for summary judgment and opposed defendants' motion for summary judgment. In total, Senior Attorney Alan C. Olson spent 55.7 hours on this case, while Attorney Elizabeth A. Schmidt spent 200.5 hours.[2] (*See* Olson Aff. (dkt. #66) ¶ 10; Schmidt Aff. (dkt. #67) ¶ 7.) Plaintiff seeks an award of fees based on their actual billing hourly rates of $450 and $280, respectively.[3] In addition to the fee request, plaintiff seeks reimbursement of costs in the total amount of $935.84, which represents $485.06 in out-of-pocket litigation expenses (*e.g.*, filing fees, service of process, photocopying, postage and copies) and $450.78 in on-line computer research charges. (Olson Aff., Exs. 1, 2 (dkt. ##66-1, 66-2); Bill of Costs (dkt. #70).)

OPINION

Plaintiff seeks attorney's fees under the lodestar approach, which involves multiplying the "number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In its

---

[2] In his opening brief, plaintiff sought fees for 192.5 hours of Attorney Schmidt's time, but as explained in the reply brief in support of the fee petition, Schmidt spent an additional 8 hours reviewing defendants' opposition and drafting the reply brief. (Pl.'s Reply (dkt. #

[3] Both counsel provide support for their rates, including offering the declarations of two other attorneys, stating that the rates are reasonable (dkt. ##66-69), but defendant does not oppose counsel's hourly rates, so the court need not opine on their reasonableness.

opposition, defendants do not challenge the reasonableness of the requested hourly rates, but rather the amount of time counsel reported spending on certain activities. Most of the challenges are sufficiently silly that no discussion from the court is warranted, including (by way of example) a challenge to *0.5* hour Attorney Schmidt reported spending to respond to defendants' motion to strike portions of plaintiff's reply brief.

More substantive are defendants' challenges to the amount of time plaintiff's counsel spent drafting the complaint (19 hours) and the amount of time plaintiff's counsel spent drafting and responding to summary judgment (92 hours), although as plaintiff's counsel explains in the reply brief, the latter hours reflect other tasks beyond summary judgment. Even if these challenges had merit, however, defendants waived them by failing to comply with a straightforward direction from this court:

> If defendant challenges the reasonableness of plaintiff's fee request in that opposition, its counsel shall also contemporaneously submit its itemized time records, invoices and proof of payment of such invoices.

(1/29/16 Op. & Order (dkt. #22) p.22.) Despite this clear direction, defendants provide *no* insight into the amount of time defendants' counsel actually spent on this case, including in particular the time spent (1) in investigating and drafting an answer to the complaint and (2) responding to summary judgment. Without this, the court has no basis to reduce the hours attributed to either category of time as reported by plaintiff's counsel, which were well-documented and within a range of reasonableness.

Accordingly, the court will grant plaintiff the full amount of fees requested of $81,205.00. In the absence of any challenge by defendants, the court will also award plaintiff costs in the amount of $935.84, finding such costs reasonably incurred in

3

litigating this matter.

ORDER

IT IS ORDERED that:

1) Plaintiff Robert Kaiser's motion for attorney fees and costs (dkt. #64) is GRANTED.

2) Plaintiff's bill of costs (dkt. #70) is GRANTED.

3) Plaintiff's motion for leave to file supplemental brief in support of petition (dkt. #76) is GRANTED.

4) Plaintiff is awarded fees and costs in the total amount of $82,140.84.

5) The clerk of court is directed to enter judgment to reflect the award of attorney's fees and costs.

Entered this 4th day of November, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge